UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| EILEEN GOLDMAN, | Case No. 2:20-cv-00613-APG-EJY |
| Plaintiff, | **Report and Recommendation** |
| v. | **Re: ECF No. 15** |
| NATIONWIDE MUTUAL INS. CO. et al., | **Motion for Leave to File Second Amended Complaint** |
| Defendants. | |

Presently before the Court is Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 15), filed on June 3, 2020. Defendant Scottsdale Indemnity Co. ("Scottsdale") filed its Response on June 17, 2020. ECF No. 16. No reply was filed.

**I.   RELEVANT BACKGROUND**

This dispute commenced on March 31, 2020, when Plaintiff filed her Complaint (ECF No. 1) alleging breaches of contract and the covenant of good faith against Defendants Scottsdale and Nationwide Mutual Insurance Co. ("Nationwide"). *Id.* at 4-5. Plaintiff filed her First Amended Complaint on April 3, 2020, adding a demand for a jury trial, and removing Doe and Roe defendants.[1] ECF No. 9. On June 3, 2020, Plaintiff filed her Motion for Leave to File Second Amended Complaint seeking to remove Nationwide as a defendant and add allegations that Plaintiff is an intended third-party beneficiary of the insurance contract between Scottdale and Newage Lake Las Vegas LLC ("Newage"). ECF No. 15 at 3.

More specifically, Plaintiff's proposed second amended complaint alleges that the policy issued by Scottdale (not quoted or attached by Plaintiff to her proposed second amended complaint) "provides coverage to the company, as well as, [sic] … all employees, … for claims based on allegations of employment discrimination and retaliation, which therefore includes coverage for Plaintiff … ." *Id.* ¶¶ 9, 10. Plaintiff avers that by participating in and agreeing to her termination Scottsdale engaged in "a bad faith breach of … [its] legal obligations owed … to Plaintiff as a

---

[1]   Plaintiff amended her Complaint to remove Doe and Roe defendants in response to the Court's Order to Show Cause requiring Plaintiff to demonstrate how these unnamed defendants were potentially subject to liability and did not defeat diversity jurisdiction. ECF No. 6.

1

covered party under the terms and language of the policy of insurance" issued to Newage. *Id*. ¶ 14. Alternatively, Plaintiff avers that (i) the express terms of the Scottdale insurance policy render her an intended third-party beneficiary of that policy, (ii) she brought employment discrimination and retaliation claims—covered claims—against Newage, and (iii) she was entitled to coverage she did not receive. *Id*. ¶¶ 10, 15-17. Plaintiff also argues that Federal Rule of Civil Procedure 15(a) entitles her to file an amended complaint within twenty-one days of a Rule 12(b) Motion, and that Scottsdale filed a Motion to Dismiss (ECF No. 10) sixteen days earlier on May 18, 2020. ECF No. 15 at 2.

In response, Scottsdale argues that Plaintiff's claims fail as a matter of law, and Plaintiff's Motion should be denied as the claims asserted in the proposed second amended complaint are futile. ECF No. 16 at 2. Scottsdale contends it owes no duty to Plaintiff because the policy requires a "Claim" to be made *against* the insureds, and no such "Claim" was made against Plaintiff. *Id.* at 2-3. Scottsdale also contends that under Nevada law, Plaintiff has the burden of demonstrating the claim for which she seeks coverage "falls within" the policy coverage at issue. *Id*. at 3 *citing Great Am. Ins. Co. of New York v. Vegas Constr. Co.*, Case No. 2:06-cv-00911-BES-PAL, 2008 WL 11385601, at *6 (D. Nev. Apr. 24, 2008) (internal citation omitted). The policy language at issue, to which Scottsdale cites, states that the insurer owes a duty to "…pay the Loss of the Insureds which the Insureds have become legally obligated to pay by reason of an Employment Practices Claim first made against the Insureds[.]" ECF No. 16 at 3 *citing* ECF No. 10-1 at 10 § A.1.[2] Scottsdale states that because coverage is not available for claims made "by 'Insureds' against others[,] … Plaintiff cannot meet her threshold burden of proving that the matter for which she seeks coverage falls within the Policy's Insuring Agreements." *Id*. at 3.[3] Scottsdale concludes that because no claim was filed against Plaintiff, Scottsdale owes no duty of coverage to Plaintiff and, therefore, could not have breached any legal obligation owed to Plaintiff. *Id*. at 3-4.

Separately, Scottsdale argues that Plaintiff lacks standing to bring bad faith claims because she is not an intended third party beneficiary and an incidental third party beneficiary cannot proceed

---

[2] Section A.1 is titled "Insuring Clauses" and states, in relevant part, that "Insurer shall pay the Loss of Insureds which the Insureds have become legally obligated to pay by reason of an Employment Practices Claim first made against the Insureds during the Policy Period … ." ECF No. 10-1 at 10.

[3] Insured is defined by the insurance contract as "the Company and any Insured Persons." ECF No. 10-1 at 11. "Insured Persons" includes any employee. *Id*. at 10.

2

against an insurer for breach of contract or bad faith. *Id*. at 4 *citing McVay v. Allied World Assur. Co.*, 16 F.Supp.3d 1202, 1208 (D. Nev. 2014). For these reasons, Scottsdale says Plaintiff's proposed second amended complaint is futile and Plaintiff's Motion should be denied. *Id*. at 5.

## II.   DISCUSSION

Rule 15(a)(2) of the Federal Rules of Civil Procedures states that courts "should freely give leave [to amend] when justice so requires." Further, well settled law establishes that leave to amend pursuant to 15(a)(2) should "be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citing *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001)).

Despite this liberal policy, leave to amend may be denied because of undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies through previously permitted amendments, undue prejudice or futility. *Id.* at 1052 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Absent prejudice, or a strong showing under any of the remaining *Foman* factors, a presumption exists in favor of granting leave to amend. *Id*. Courts generally defer consideration of challenges to the merits of a proposed amendment when "deciding whether to grant leave to amend." *In re Packaged Seafood Prod. Antitrust Litig.*, 338 F. Supp. 3d 1079, 1106–07 (S.D. Cal. 2018). However, when proposed amended claims are futile, amendment is properly denied. *Gabrielson v. Montgomery Ward & Co.*, 785 F.2d 762, 766 (9th Cir.1986) (citation omitted).

Here, the parties do not discuss prejudice, bad faith or the timeliness of Plaintiff's proposed second amended complaint. ECF Nos. 15 and 16. Scottsdale also does not argue repeated failures to cure deficiencies. ECF No. 16. As such, the Court limits its analysis to Scottsdale's argument that the proposed second amended complaint is futile.

A proposed amended complaint is futile when no set of facts can be proven "under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Doe v. Nevada*, 356 F. Supp. 2d 1123, 1125 (D. Nev. 2004) (citation omitted); *see generally* 3 J. Moore, Moore's Federal Practice ¶ 15.08[4] (2d ed. 1974) (the test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)). Scottsdale's futility argument is based upon the plain

3

language of the insurance contract on which Plaintiff depends, which requires a covered claim to be made against an insured for coverage to apply. Plaintiff, as the party who is suing an insured—her former employer—fails to state a claim establishing any basis for coverage and, therefore, Scottsdale is not legally obligated to pay any benefits to Plaintiff. ECF Nos. 10-1 at 10 § A.1; 15-1. With no coverage available, there can be no breach of contract or breach of good faith and fair dealing. *Walker v. State Farm Mut. Auto. Ins. Co.*, 259 F. Supp. 3d 1139, 1147 (D. Nev. 2017), *aff'd*, 758 F. App'x 599 (9th Cir. 2019) (finding no breach of contract as the plaintiff's claim was not covered by the insurance policy); *Pioneer Chlor Alkali Co. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pennsylvania*, 863 F. Supp. 1237, 1247 (D. Nev. 1994) (finding no bad faith because the policy excluded coverage for plaintiff's claim).

At the risk of redundancy, the policy's terms are clear: Scottsdale owes its insureds the duty to "… pay the Loss of the Insureds which the Insureds have become legally obligated to pay by reason of an Employment Practices Claim first made against the Insureds[.]" ECF No. 10-1 at 10 § A.1. As no claim has been made against Plaintiff, Scottsdale does not owe Plaintiff such a duty under this clause. There is no amendment to this claim that Plaintiff can make that will allow her to proceed on a breach of contract claim and, therefore, this claim is futile.

With respect to Plaintiff's claim of bad faith, Nevada law recognizes the right of an insured, as well as intended third party beneficiaries, to bring bad faith claims. *Bergerud v. Progressive Cas. Ins.*, 453 F. Supp. 2d 1241, 1247 (D. Nev. 2006) (citing *Gunny v. Allstate Ins. Co.*, 108 Nev. 344, 830 P.2d 1335, 1336 (1992). While, as stated above, Plaintiff was a potential insured, as an employee of Newage, if a claim was filed *against* her, she is not an insured as the party, the plaintiff, who filed a claim.

Plaintiff's claim that she is a third party beneficiary of the Scottdale policy also fails. Alleged "third-party beneficiaries are only entitled to seek remuneration if it can be clearly discerned that the contracting parties intended to benefit the third party when the agreement was formed … ." *Meritage Homes of Nevada, Inc. v. FNBN-Rescon I, LLC*, 86 F. Supp. 3d 1130, 1139 (D. Nev. 2015), *aff'd*, 690 F. App'x 507 (9th Cir. 2017) (citation omitted); *Bergerud*, 453 F. Supp. 2d at 1249. Third party status is conferred where "the contract reflects the express or implied intention of the parties to the

contract to benefit the third party." *GECCMC 2005-C1 Plummer St. Office Ltd. P'ship v. JPMorgan Chase Bank, Nat. Ass'n*, 671 F.3d 1027, 1033 (9th Cir. 2012) (citing *Klamath Water Users Prot. Assoc. v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). There is no policy language that reflects any intention to benefit Plaintiff as a party bringing a claim against her employer and, therefore, Plaintiff was not clearly intended to benefit from the Scottsdale policy at the time it was entered into by Newage. ECF No. 10-1 at 10 § A.1.

There is no claim against Plaintiff in this case to which the Scottdale insurance policy could extend. As such, Plaintiff is not entitled to bring breaches of contract and bad faith claims, and amendment would be futile. *Hansen v. Liberty Mut. Fire Ins. Co.*, Case No. 2:11-cv-01519-GMN-CHW, 2012 WL 4611013, at *6 (D. Nev. Sept. 30, 2012), *aff'd*, 589 F. App'x 392 (9th Cir. 2015) (finding no breach of contract or breach of good faith where the plaintiff's claim fell outside of the policy's coverage).[4]

### III.   REPORT AND RECOMMENDATION

Accordingly, and based on the foregoing,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 15) should be DENIED because amendment would be futile.

DATED: August 7, 2020

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

---

[4] Further, Plaintiff is not an incidental third party beneficiary for purposes of her claim against Newage. The insurance contract was not formed to benefit current or former employees who sue their former employer or other employees for discrimination or retaliation. Scottsdale cannot be said to know or have reasonably foreseen that Plaintiff would be a beneficiary of the contract when she sued Newage. As such, Plaintiff is not an incidental third party beneficiary. *Cf. Elizabeth E. v. ADT Sec. Systems West, Inc.*, 839 P.2d 1308, 1311 (Nev. 1992).

5

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).